[625 NYS2d 912]

In the Matter of JENNEY M. MAIOLO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 3, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Ginsberg & Fedrizzi,* Flushing *(Jerome M. Ginsberg* of counsel), for resignor.

## OPINION OF THE COURT

Per Curiam.

Jenny M. Maiolo has submitted an affidavit dated February 7, 1995, wherein she tenders her resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9).

Ms. Maiolo concedes in her affidavit that she is the subject of a pending investigation into allegations of professional misconduct, most of which involve the conversion of escrow funds, as set forth in a petition, dated September 20, 1994. She acknowledges that the Grievance Committee is investigating at least nine additional complaints against her alleging the conversion of escrow funds. Ms. Maiolo acknowledges that she could not successfully defend herself on the merits with respect to the charges pending against her or the additional complaints under investigation.

Ms. Maiolo indicates that her resignation is freely and voluntarily tendered and that she is not being subjected to coercion or duress. She is fully aware of the implications of submitting her resignation. Ms. Maiolo acknowledges that she is submitting her resignation subject to any application which may be made by the Grievance Committee for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a), and acknowledges the continuing jurisdiction of the Court to make such an order. Ms. Maiolo is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her and she specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee has recommended that the Court accept the proffered resignation. Under the circumstances, the resignation of Jenny M. Maiolo as a member of the Bar is accepted and directed to be filed. Accordingly, Jenny M. Maiolo is disbarred and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and MILLER, JJ., concur.

Ordered that the resignation of Jenny M. Maiolo is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jenny M. Maiolo is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jenny M. Maiolo shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jenny M. Maiolo is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Jenny M. Maiolo is directed to make restitution in the amount set forth to the following parties whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

| | | |
|---|---|---|
| (1) | Eleanor Scatliffe | $16,354.41; |
| (2) | Bernard Cooke | $93,170.07; |
| (3) | Deodat Chetram | $45,436.09; |
| (4) | First Federal Savings and Loan Association of Rochester | $60,002.44; |
| (5) | Kurt Winer and Randy Guttman | $19,847.30; |
| (6) | Isable and Adam Ginter | $37,598.87; |
| (7) | Marie Royal | $20,139.88; |

| (8) | Carmen and Tania Diaz | $32,000.00; |
|-----|----------------------|-------------|
| (9) | Robert Werner | $25,000.00; |
| (10) | Francis Celi | $34,277.00; |
| (11) | Irene Celi | $21,500.00; |
| (12) | Mr. and Mrs. James Boniti | $48,100.00; |
| (13) | Maria Scotellaro | $11,059.83; |
| (14) | Joan Wise Davies, as guardian for Kelly Jean Wise | $35,218.38 |

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by her; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.